**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| IRMA ADELINA RODRIGUEZ COSSIO, | CASE NO. 16-05295 (EAG) |
| DEBTOR. | CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS, ESQ., CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF IRMA ADELINA RODRIGUEZ COSSIO, | |
| PLAINTIFF, | |
| v. | ADV. PROCEEDING NO. 18-00049 |
| RAFAEL ANGEL RODRIGUEZ MOJICA, | |
| DEFENDANT. | FILED & ENTERED ON 8/16/2019 |

**OPINION AND ORDER**

The chapter 7 trustee moves the court for summary judgment on her complaint against Rafael Angel Rodriguez Mojica for the turnover of property under section 542 of the Bankruptcy Code.[1] [Adv. Dkt. Nos. 28 & 37.] The trustee alleges that the defendant owes the amount of $404,818.03 to the estate of his ex-spouse and debtor Irma Rodriguez Cossio pursuant to a judgment for the liquidation of conjugal partnership issued by the Puerto Rico Superior Court, Mayaguez Part. For the reasons stated herein, the trustee's motion for summary judgment is granted.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

### I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. PROCEDURAL BACKGROUND

On July 1, 2016, debtor Irma Rodriguez Cossio filed a voluntary petition for relief under chapter 13. [Bankr. Dkt. No. 1.] On November 14, 2016, she moved to convert her case to chapter 7, which was granted on November 15, 2016. [Bankr. Dkt. Nos. 31 & 33.]

On May 1, 2018, the trustee commenced the adversary proceeding of caption against the defendant. [Bankr. Dkt. No. 35; Adv. Dkt. No. 1.] On July 6, 2018, the defendant answered the complaint. [Adv. Dkt. No.16.]

On January 25, 2019, the trustee moved for summary judgment. [Adv. Dkt. No.28.] On February 15, 2019, the defendant opposed the motion for summary judgment, which consisted of a request for time to provide evidence of alleged additional payments made that needed to be credited to the total amount owed to the estate before entering judgment. [Adv. Dkt. No. 29.] On April 5, 2019, the court ordered the defendant to supplement his opposition to the motion for summary judgment. [Adv. Dkt. No. 30.] The defendant did not.

On June 19, 2019, the court ordered the trustee to supplement her motion for summary judgment under Rule 56(e). [Adv. Dkt. No. 32.] On July 29, 2019, the trustee filed the supplement. [Adv. Dkt. No. 37.]

### III. LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)). Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b). Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c). Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The court deems that the trustee complied with Local Civil Rule 56(b) by filing in support for her motion for summary judgment a statement of facts which contains the trustee's uncontested material facts in individually numbered paragraphs and is supported by record citations. [Adv. Dkt. No. 28.] As the defendant did not oppose the trustee's uncontested material facts, all properly supported facts set forth by the trustee are deemed

admitted. L.Civ.R. 56(e); see Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

### IV. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rule 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

Prior to the bankruptcy filing, debtor Irma Rodriguez Cossio was married to the defendant. [Trustee's Statement of Proposed Facts ("SUF")at ¶ 4, Adv. Dkt. No. 28; Defendant's answer to complaint at ¶ 2 admitting allegation ¶ 8 of complaint, Adv. Dkt. No. 16.] Their marriage was dissolved pursuant to a divorce judgment entered by the Puerto Rico Superior Court, Mayaguez Part (the "state court"), in case number IDI 2000-0978. [Id.]

On May 27, 2011, the state court entered a judgment for the liquidation of the conjugal partnership between the debtor and the defendant, in case number ISCI 2007-01184. [Trustee's SUF at ¶ 5, Adv. Dkt. No. 28; Defendant's answer to complaint at ¶ 3 admitting allegation ¶ 9 of complaint, Adv. Dkt. No. 16 .] The state court found that the defendant owed the debtor the amount of $459,809.00. [Id.]

The debtor listed in her amended schedules A/B the account receivable owed by the defendant on account of the state court judgment and identified it as "Liquidation of conjugal

property as Determined by the P.R. Court of First Instance, Superior Court of Mayaguez, ISCI 2007-1184." [Trustee's SUF at ¶ 6, Adv. Dkt. No. 28; Defendant's answer to complaint at ¶ 4 admitting allegation ¶ 10 of complaint, Adv. Dkt. No. 16 .]

The state court marshal executed the judgment by garnishing the defendant's income. [Trustee's SUF at ¶¶ 21-22, Adv. Dkt. No. 28; Exhibit A, Adv. Dkt. No. 28-1; Defendant's objection to motion for summary judgment, ¶¶ 2-3.] A detailed of the dollar amounts garnished and the dates of each garnishment follows:

| Date | Garnished amounts by month | |
|---|---|---|
| January 27, 2014 | $403.62+$ 887.61= | $1,291.23 |
| February 27, 2014 | $303.22+$184.89+$1,629.14= | $2,117.22 |
| March 27, 2014 | $521.91+$47.99+$3,726.98= | $4,296.88 |
| April 27, 2014 | $10.00+215.64= | $225.64 |
| May 27, 2014 | $861.12+$1,090.15+$116.25+ $1,190.04+$287.50+$509.03+ $1,868.47+$6,58.54+$1,463.84+ $2,254.23+$6,346.81+$4,369.14+ $145.08+$232.00+$1,147.45+ $667.33+$569.40= | $23,794.74 |
| June 27, 2014 | $992.36+$2,298.03+$24.18+ $2,079.62+$1,178.00+$15,136.49+ $33.48+$2,548.20= | $24,890.36 |
| July 27, 2014 | $1,844.19+272.80+$3,892.27= | $6,009.96 |
| August 27, 2014 | $1,051.69+$483.14+$82.92$48.82= | $1,666.57 |
| September 27, 2014 | $480.35+$6,417.23+$1,056.90= | $7,954.48 |
| October 27, 2014 | $852.99+$3,820.67= | $4,673.66 |
| December 27, 2014 | $1,192.06+$99.75= | $1,291.81 |
| January 27, 2015 | $1,085.26+$102.33= | $1,187.59 |
| February 27, 2015 | $1,381.37+$6,033.37+$2,902.06= | $10,316.80 |
| March 27, 2015 | $1,368.49+$2,004.99= | $3,373.48 |
| May 27, 2015 | $2,760.24 | $2,760.24 |
| June 27, 2015 | $3,166.88+$5,305.64= | $8,472.52 |
| August 27, 2015 | $2,882.77 | $2,882.77 |
| October 27, 2015 | $47.58+$679.83+$3,819.50= | $4,546.91 |
| December 27, 2015 | $2,388.94 | $2,388.94 |

| February 27, 2016 | $2,778.84+$13.00= | $2,791.84 |
|---|---|---|
| March 27, 2016 | $2,786.28 | $2,786.28 |
| April 27, 2016 | $713.00+$5,008.27= | $5,721.27 |
| May 27, 2016 | $3,757.43 | $3,757.43 |
| July 27, 2016 | $2,668.63 | $2,668.63 |
| September 27, 2016 | $5,436.14+$2,227.81= | $7,663.95 |
| October 27, 2016 | $1,632.61 | $1,632.61 |
| November 27, 2016 | $2,315.00 | $2,315.00 |
| February 27, 2017 | $2,245.95+$559.01= | $2,804.96 |
| April 27, 2017 | $577.00 | $577.00 |
| May 27, 2017 | $2,379.87 | $2,379.87 |
| June 27, 2017 | $6,458.82 | $6,458.82 |
| August 27, 2017 | $5,426.54 | $5,426.54 |
| November 27, 2017 | $1,863.25 | $1,863.25 |
| December 27, 2017 | $4,559.65 | $4,559.65 |
| May 27, 2018 | $4,711.52 | $4,711.52 |
| September 27, 2018 | $3,362.18 | $3,362.18 |
| February 27, 2018 | $5,842.25 | $5,842.25 |
| | **Total amount** | **$181,464.85** |

[Trustee's SUF at ¶ 23, Adv. Dkt. No. 28; Exhibit A, Adv. Dkt. No. 28-1; Exhibit C, Adv. Dkt. No. 37 .]

### V. SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178

(1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98

F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that

"determinations of motive and intent . . . are questions better suited for the jury.") (quoting

Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990))

## VI.  APPLICABLE LAW AND DISCUSSION

The filing of a chapter 7 case automatically creates a bankruptcy estate subject to

administration by a trustee. 11 U.S.C. §§ 541(a) & 704(a).  Property of the estate includes "all

legal or equitable interests of the debtor in property as of the commencement of the case." 11

U.S.C. § 541(a)(1).  Section 542 requires all entities in possession, custody, or control of any

property of the estate that the trustee may use, sell, or lease to turn over said property to the

trustee at the commencement of the case. 11 U.S.C. § 542(a). Section 542(b) specifically

provides that payment of a "matured, payable on demand or payable on order" debt shall be

made to the trustee. 11 U.S.C. § 542(b). The obligation to turn over property to the trustee

under section 542 is self-operative and does not require a motion by the trustee. See In re

Randolph Towers Coop., Inc., 458 B.R. 1, 6 (Bankr. D. D. C. 2011) (clarifying that a trustee's

remedy when an obligor fails to comply with the provision, absent a finding of bad faith, is to

sue for enforcement of said provision rather than to seek a contempt order).

"A turnover proceeding is one to compel the debtor or a third party to deliver to the

trustee property that belongs to the bankruptcy estate." In re Garcia, 507 B.R. 32, 42 (B.A.P.

1st Cir. 2014).  To succeed in a cause for action for turnover, the trustee must establish that:

"(1) the property is (or was during the bankruptcy case) in the possession, custody or control

of a noncustodial third party; (2) the property constitutes property of the estate; (3) the

property is of the type that the trustee could use, sell or lease pursuant to section 363 or that

8

the debtor could exempt under section 522; and (4) that the property is not of inconsequential value or benefit to the estate." Alan N. Resnick & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶ 542.03 (16th ed. 2019).

In the instant case, the trustee has met all four requirements. The defendant does not dispute the trustee's power to demand the turn over of monies still owed under to the state court judgment or that those monies are property of the estate. [Adv. Dkt. No. 29, ¶ 3.] Although he alleged that additional amounts must be credited to the debt, he failed to provide any evidence to that effect. [<u>Id</u>.] And, the monies are property of consequential value that the trustee could use to pay off the unsecured creditors of the debtor. As such, summary judgment in favor of the trustee is warranted.

Additionally, the monies owed by the defendant under the state court judgment issued on May 27, 2011 accrue legal interest under Puerto Rico Rule of Civil Procedure 44.3, which provides that every money judgment shall include interest at the rate in effect on the judgment date fixed by the Finance Board of the Office of the Commissioner of Financial Institutions. P.R. Laws. Ann. tit. 32, App. V, R. 44.3(a). The legal interest rate applicable to the state court judgment is 4.25%.[2]

As per the debt amortization analysis submitted by the trustee, after applying the payments by way of garnishment made to the defendant's income in the amount of $181,464.85 and adding the amounts accrued in applicable legal interest since May 27, 2011 and onward at a rate of 4.25%, the defendant owes the estate $404,818.03 as of July 29, 2019. [Exhibit C, Adv. Dkt. No. 37.]

---

[2]http://www.ocif.pr.gov/Consumidores/Pages/InterEsAplicableaSentenciasJudiciales.aspx

**VII.  CONCLUSION.**

For all the reasons set forth herein, the trustee's motion for summary judgment [at Adv. No. 28] as supplemented [at Adv. No. 37] is granted. The defendant Rafael Angel Rodriguez Mojica is ordered to turn over to the chapter 7 trustee the amount of $404,818.03 owed as of July 29, 2019, plus legal interest, until payment in full of the amount owed under the state court judgment.

**SO ORDERED.**

In Ponce, Puerto Rico, this 16th day of August 2019.

Edward A. Godoy
U.S. Bankruptcy Judge